No. 3824

Second Circuit

A. L. HARRINGTON CO., INC., v. BARRON

(December 23, 1930. Opinion and Decree.)

O. A. Easterling, of Monroe, attorney for plaintiff, appellee.

R. L. Williams, of Arcadia, attorney for defendant, appellant.

WEBB, J. Plaintiff, A. L. Harrington Company, Inc., instituted this action against J. C. Barron to recover judgment on a promissory note, of date April 1, 1929, drawn by defendant for $781.30, payable to the order of plaintiff sixty days after date, with 8 per cent per annum interest thereon from date, and stipulating for 20 per cent on the principal sum and interest as attorney's fees.

The suit was filed and service had on the 9th day of August, 1929, and defendant answered on September 20, 1929, admitting that he signed the note sued upon, but alleged that, long before the note was due, he obtained from plaintiff an extension of the time of payment until September 1, 1929; that before said date he had offered to pay the note, together with accrued interest and cost of suit, and the plaintiff refused to accept same, and advised defendant that it would not be necessary to make a tender as he would not accept payment of the note without attorney's fees, and defendant alleged that, because of the extension of time of payment, and his offer to pay before the expiration of such time, he does not owe any interest after September 1, 1929, attorney's fees, or cost of suit.

On January 28, 1930, defendant filed an amended answer in which he set up an alternative defense, in which he alleged that the due date of the note had been changed from June 15 to June 1, 1929, and that he (defendant) had thereby been released from any liability on the note.

On trial judgment was rendered in favor of plaintiff for the principal sum of the note, together with 8 per cent per annum interest thereon until paid, and 20 per cent on the principal sum and interest as attorney's fees, and all cost of suit, from which judgment defendant appealed.

Appellant presents here both defenses set up in the trial court, urging first that the evidence established that plaintiff had extended the time for payment of the note until September 1, 1929, and, second that the time of payment as shown on the note had been altered or changed from June 15, to June 1, 1929.

Considering the alternative plea: As stated, the note was dated April 1, 1929, and made payable sixty days after date, but on the left-hand corner of the note there was a memorandum or notation reading, "Due June 1, 1929," in which it appeared that the figure "5" which had been originally written after the figure "1," had been erased. The notation was not any part of the note, and the erasure of the entire notation would not have affected the note, but the evidence conclusively shows that the note and notation were written by the manager of the plaintiff company and sent to defendant for his signature, and at that time the figure "5" had been erased.

Defendant of course carried the burden of proof to show that the extension of the time of payment of the note was made by plaintiff until September 1, 1929, but it is certain, we think, that the preponderance of the evidence is to the contrary.

The judgment appealed from is therefore affirmed.